[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-15796
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 28, 2009
THOMAS K. KAHN
CLERK

Agency No. A200-032-120

WU LIU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(July 28, 2009)

Before BIRCH, HULL and WILSON, Circuit Judges.

PER CURIAM:

Wu Liu, a native and citizen of China, petitions for review of the Board of

Immigration Appeals's ("BIA") decision affirming the Immigration Judge's ("IJ") order finding him removable and denying his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). On appeal, Liu argues that the IJ erred in finding that Liu's testimony was not credible and that he was not entitled to asylum, withholding of removal, or CAT relief. He also contends that he is entitled to asylum, withholding of removal, or CAT relief because he suffered past persecution or has a well-founded fear of future persecution based on his activism in Falun Gong.

We lack jurisdiction to consider Liu's arguments that he is entitled to asylum, withholding of removal, or CAT relief based on his activism in Falun Gong because he failed to raise these arguments before the BIA. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250-51 (11th Cir. 2006) (per curiam). Thus, the only issue before us is whether Liu has met his burden of showing that the IJ's adverse credibility determination was not based on substantial evidence. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005).

We review administrative fact findings, including credibility determinations, under the substantial evidence test, which requires that the record evidence be viewed in the light most favorable to the agency decision. *Id.* at 1286. We review only the BIA's decision unless the BIA expressly adopted the IJ's decision. *Ruiz v.*

2

*Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007). Here, we review the decisions of both the IJ and the BIA because the BIA adopted the IJ's reasoning. *Al-Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001).

We are not permitted to substitute our judgment for that of the IJ with respect to credibility findings, and we cannot overturn a credibility finding unless the record compels it. *Forgue*, 401 F.3d at 1286-87. An adverse credibility determination may not be reversed merely because the record may support a contrary conclusion. *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1255 (11th Cir. 2006) (per curiam). Under the highly deferential standard of review, we must affirm the IJ's credibility determination if it is supported by "reasonable, substantial, and probative evidence on the record considered as a whole." *Forgue*, 401 F.3d at 1286. The IJ is required to provide specific, cogent reasons for making an adverse credibility finding, and the petitioner bears the burden of demonstrating that the credibility finding was not supported by specific, cogent reasons or was not based on substantial evidence. *Id.* at 1287. As amended by the REAL ID Act of 2005, 8 U.S.C. § 1158(b)(1)(B)(iii) provides:

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal

inconsistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor. There is no presumption of credibility, however, if no adverse credibility determination is explicitly made, the applicant or witness shall have a rebuttable presumption of credibility on appeal.

8 U.S.C. § 1158(b)(1)(B)(iii)); *see also Kueviakoe v. U.S. Att'y Gen.*, 567 F.3d 1301 (11th Cir. 2009) (per curiam).

We disagree with Liu that the IJ's adverse credibility finding was improper. The IJ supported his adverse credibility finding with "specific, cogent reasons." The record shows that the IJ considered the totality of the circumstances in finding inconsistencies in Liu's testimony. First, Liu originally told immigration officials that he came to the United States to live with an uncle, whose address and phone number Liu did not know, but did not report that he was escaping persecution in China. Liu also confused whether his father was arrested in 1998 or 1999 for practicing Falun Gong, and was inconsistent about who else was in Liu's prison cell while he was under arrest. The IJ also found that Liu's testimony about being beaten and tortured "was not flush with the type of factual data that springs freely to the mind of a person who has actually been imprisoned and beaten." When questioned about the principles of Falun Gong, Liu failed to demonstrate basic knowledge of the practice. Liu offers explanations for all of these inconsistencies,

4

but the record does not compel reversal because the IJ's credibility determination was supported by "reasonable, substantial, and probative evidence on the record considered as a whole." *Forgue*, 401 F.3d at 1286. Further, Liu's argument that the IJ could not consider Liu's demeanor at the hearing is without merit because the IJ may consider demeanor in assessing credibility. 8 U.S.C. § 1158(b)(1)(B)(iii).

Liu has failed to meet his burden of demonstrating that the IJ's stated reasons for the adverse credibility determination were not supported by substantial evidence. The IJ's determination was supported by the totality of the circumstances, which included Liu's inconsistent statements, demeanor, and lack of knowledge about Falun Gong. Accordingly, we deny the petition as to the adverse credibility determination, and dismiss the petition as to Liu's arguments that were not raised before the BIA.

**PETITION DENIED IN PART AND DISMISSED IN PART.**

5